UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STOKES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00187-X |
| | § | |
| TMM CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Michael Stokes moved for a default judgment against TMM Corporation ("TMM") [Doc. No. 15].  For the reasons below, the Court **GRANTS** the motion.

### I.  Factual Background

Stokes photographed "a partially clothed male model wearing military fatigues" ("the picture").[1]  It looks like this:

[2]

---

[1] Doc. No. 1 at 2–3.

[2] Doc. No. 1-1 at 1.

1

Stokes registered that picture with the United States Copyright Office on October 10, 2015 (Registration No. VA 1-977-931).

TMM copied the man in the picture, gave him a ruddy complexion, added flames for good measure, and superimposed that image over an advertisement for TMM's own "Military Man-euvers" event.[3]  TMM's copy looks like this:



TMM posted that image to its Facebook account—"@TheDallasEagle"—six times without Stokes' permission.[5]

Stokes sued TMM for copyright infringement, alleging that TMM's conduct was "willful[] and volitional[]."  Although Stokes served TMM with the complaint, TMM neither appeared nor provided a responsive pleading.  Stokes thus obtained a clerk's entry of default against TMM.

Stokes now moves for a default judgment against TMM.

---

[3] Doc. No. 1-2 at 1.

[4] *Id.*

[5] Doc. No. 1 at 1.

## II. Legal Standards

When a defendant fails to appear, Federal Rule of Civil Procedure 55(b)(2) provides that a plaintiff may "apply to the court for a default judgment." To determine whether to enter a default judgment, this Court first examines whether a default judgment is appropriate under the circumstances.[6] Relevant factors include (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether a good-faith mistake or excusable neglect caused the default; (5) the harshness of a default judgment; and (6) whether the Court would grant a motion to set aside the default judgment.[7] Second, the Court appraises whether the plaintiff's pleadings provide a sufficient basis for its claims.[8]

## III. Analysis

Because Stokes served TMM with the complaint, which TMM has ignored for over eight months, the Court deems Stokes' well-pled allegations admitted.[9] The Court must assess (A) the procedural appropriateness of a default judgment, and (B) the sufficiency of Stokes' complaint.

---

[6] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[7] *Id.*

[8] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[9] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

### A. Procedural Appropriateness

At the outset, three potential bars to a default judgment are absent.  First, Stokes provides an affidavit averring that TMM, as a corporate entity, is not a juvenile, incompetent, or a service member, so none of those factors bars a default judgment.  Second, because Stokes moves for a default judgment against the only defendant, there are no partial default concerns.  Third, this Court need not hold a hearing.  While Rule 55 allows for hearings when a party has not appeared, it does not command them.[10]  The Court will proceed without a hearing.

Turning to the six relevant factors, the Court finds that (1) there are no material facts in dispute because TMM failed to file any responsive pleadings; (2) there has not been substantial prejudice; (3) TMM's continued failure to participate in this litigation clearly establishes grounds for the default; (4) there is no reason to think TMM is acting under a good-faith mistake or excusable neglect; (5) a default judgment is not harsh because Stokes properly served TMM, TMM failed to appear, and TMM is in default, which warrants a default judgment under Rule 55(b)(2); and (6) the pleadings, lack of response, and consequent failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment.  The Court concludes that a default judgment is appropriate under these circumstances.

---

[10] FED. R. CIV. PROC. 55(b)(2) (stating that a court "may conduct hearings").

**B. Sufficiency of Stokes' Petition**

Next, the Court must assess the merits of Stokes' claims. Although TMM, by virtue of its default, is deemed to have admitted Stokes' well-pled allegations, the Court still reviews the complaint to determine whether Stokes established a viable claim for relief.[11] Stokes alleges copyright infringement. "A copyright infringement action requires that the plaintiff show 'ownership' of the material and 'copying' by the defendant."[12]

First, "[t]o establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that he has complied with statutory formalities."[13] Stokes alleges that the picture is original, the picture is able to be copyrighted, and he complied with the statutory formalities in obtaining a valid registration.

Second, "[t]o establish 'copying,' the plaintiff generally must show that the defendant had access to the material and that there is a substantial similarity between the two works."[14] Stokes alleges that TMM accessed, copied, and publicly displayed part of the picture. Stokes also alleges substantial similarity in that TMM copied the man in the picture and superimposed his image over TMM's own

---

[11] *Nishimatsu*, 515 F.2d at 1206.

[12] *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

[13] *Id.* at 1107–08.

[14] *Id.* at 1108.

advertisement for its "Military Man-euvers" event.[15]  Stokes has sufficiently alleged

ownership and copying.

## IV. Remedy

Stokes seeks "$30,000.00 in statutory damages . . . $1500.00 in attorneys' fees

and $455.00 in costs."[16]  Although courts often hold evidentiary hearings when they

award unliquidated damages in a default-judgment case, no hearing is necessary

"where the amount claimed is . . . one capable of mathematical calculation."[17]  Here,

Stokes requests statutory damages.  Per 17 U.S.C. § 504(c)(1), "the copyright owner

may elect . . . to recover, instead of actual damages and profits, an award of statutory

damages for all infringements involved in the action . . . in a sum of not . . . more than

$30,000."  Because Stokes' statutory damages are capable of clear calculation, this

Court declines to hold an evidentiary hearing.

Stokes also asserts that TMM's infringement was willful and that "[t]he willful

nature of Defendant's actions warrants an award of statutory damages in the amount

of $30,000."[18]  If an "infringement was committed willfully, the court in its discretion

may increase the award of statutory damages to a sum of not more than $150,000."[19]

Because TMM has admitted that its infringement was willful, this Court has wide

discretion in determining an appropriate damages number.  Because Stokes' request

---

[15] Doc. No. 1-2 at 1.

[16] Doc. No. 15 at 1.

[17] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

[18] Doc. No. 15-1 at 4.

[19] 17 U.S.C. § 504(c)(2).

for $30,000 is reasonable and within the statutory limits, this Court agrees that that is an appropriate statutory-damages award.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Stokes' motion for default judgment and awards $30,000.00 in statutory damages, $1,500.00 in attorneys' fees, and $455.00 in costs.

**IT IS SO ORDERED** this 1st day of November, 2022.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE